[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on January 14, 1979 at Stamford, Connecticut. They have resided continuously in this state since that time. There are two minor children issue of the marriage: Philip C. DeRosa, born February 1, 1983 and Andrew A. DeRosa Jr., born June 4, 1980.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter on the amended complaint dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of some 11 1/2 years. The plaintiff is aged 34 and in fair health. During the major part of the marriage she assumed the traditional role of homemaker raising their two minor children, now aged 11 and 8. She is a recovering alcoholic and attends daily AA meetings and weekly counselling. Commencing in May 1991, the plaintiff has been employed as a manager of a small ice cream and luncheon establishment earning approximately $380 per week. The plaintiff is a high school graduate and has no special training or skill.
The defendant is aged 46 and in good health. He has been employed for the past 26 years as a TV cameraman for ABC Wide World of Sports. The defendant's employment requires substantial CT Page 5099 travel and the defendant testified he travels 200 days out of the year.
The family home located at 47 Sheephill Road, Riverside, Connecticut is owned by the defendant and his mother Alice DeRosa. They have owned this home together since 1965. In 1983 the bank appraised the property at approximately $135,000 to $140,000. The parties agreed the property has a fair market value of $385,000 — subject to two mortgages in the amount of approximately $68,000. These mortgages were taken out in 1983 when the parties did some remodeling and renovations to the property. The wife signed both mortgage notes although legal title is not in her name. The defendant has a 401(K) Plan valued at $62,587.29 as of March 31, 1991. He also has an ABC NABET Retirement Trust Plan of unknown value. The defendant owns a 1987 Lincoln Mark VII, having an equity of $7,520. The defendant's other asset is an insurance policy with a cash value of $2,843 and some minor assets less than $500. The other asset in this marriage is the 1985 Dodge Colt operated by the plaintiff and having a value of approximately $500. The court finds that the defendant has earnings of approximately $80,000 to $85,000 per year.
The parties went through substantial sums of money during the marriage. Neither party could determine where the money went. The plaintiff was in charge of the funds and by her own testimony indicated she could not manage well. The husband was absent a considerable period of time and was not aware that the plaintiff borrowed approximately $26,000 from his mother for bills and living expenses. The parties also borrowed $10,000 from the plaintiff's parents, the Blues, in 1986. The defendant's paycheck was regularly deposited into the checking account managed by the plaintiff.
Unfortunately, the parties were unable to resolve their marital difficulties. The evidence presented indicates that both parties were responsible for the cause of the break down.
The following orders shall enter:
Real Estate
1. The defendant shall retain his one-half interest in the real estate located at 47 Sheephill Road, Riverside and the plaintiff shall have no claim thereto. The defendant shall hold the plaintiff harmless from any and all liability in connection with the two mortgage notes signed by the plaintiff.
2. The plaintiff and the minor children shall have exclusive possession of the premises until September 30, 1991 CT Page 5100 to enable the plaintiff to find appropriate alternate housing. Commencing July 1, 1991 and until the plaintiff vacates the premises on or before September 30, 1991, the plaintiff shall contribute the sum of $446 per month towards the mortgage. The defendant shall be responsible for the balance of the mortgage payment and the homeowner's insurance and taxes. The plaintiff shall be responsible for all utilities during the time she continues to reside in the premises.
Property Settlement
1. The defendant shall pay to the plaintiff by way of a lump sum property settlement the sum of $45,000 within 30 days of date.
2. The court is concerned over the plaintiff's ability to manage funds and is concerned over the plaintiff's judgment with respect to financial/business matters. The court therefore directs that the lump sum of $45,000 be paid to plaintiff's attorney as trustee for the plaintiff, to be paid to the plaintiff as follows:
(a) Said sums shall be first used to pay the debts as set forth below;
(b) secondly, said sum shall be used to provide for alternate housing and moving expenses for the plaintiff and the minor children;
(c) thirdly, reasonable and necessary expenses for the plaintiff including motor vehicle repairs, and plaintiff's unreimbursed medical bills;
(d) fourthly, the balance if any, to be turned over to the plaintiff on February 1, 1992.
Alimony
1. Commencing July 1, 1991, the defendant shall pay to the plaintiff as periodic alimony the sum of $1,200 per month. Said alimony shall be paid during the defendant's lifetime, until the plaintiff remarries, dies or cohabits within the meaning of the statute or seven years from date whichever event shall first occur.
2. Said monthly payments shall be made in 2 equal installments on the 1st and the 15th of each month.
Custody and Visitation CT Page 5101
The parties entered into a stipulation, dated June 25, 1991 providing for joint legal custody of the minor children with physical custody of the minor children to be with the plaintiff. The court approves the entire stipulation and enters it as an order including Paragraphs 5C, 5E, and 5F of the husband's claim for relief dated June 25, 1991.
Child Support
1. Commencing July 1, 1991 the defendant shall pay to the plaintiff as child support the sum of $800 per month per child until each child shall reach the age of 18 years, become emancipated or die.
2. Said monthly payments shall be made in two equal installments on the 1st and 15th of each month.
Medical Insurance
1. The defendant shall maintain and provide group hospital, medical and dental coverage as is available through his place of employment for the benefit of the minor children. Any unreimbursed medical expense shall be equally divided between the plaintiff and the defendant.
2. The defendant shall provide COBRA coverage for the benefit of the plaintiff for a period of three years, as is available at his place of employment. The defendant shall cooperate with the plaintiff in connection with obtaining these benefits. The plaintiff shall be responsible for the premiums due for this coverage.
Personal Property
1. The plaintiff shall be entitled to the following items of personal property;
 her bedroom set all furniture and furnishings in childrens' rooms TV in the bedroom sunporch furniture 2 pictures in living room Christmas decorations, except for Alice DeRosa's bookcase and encyclopedias Vacuum cleaner and dryer Cabinet stainless steel silverware and plaintiff's dishes division of linens, towels, sheets, pots and pans 1 14" color TV CT Page 5102
2. The defendant shall be entitled to the remaining items of personal property, including the video tape.
Debts
1. The plaintiff shall be responsible for the following debts which shall be paid within 30 days of date:
(a) $5,000 to Ivey Blue;
 (b) $1,750 to Attorney Elizabeth Sharpe, attorney for the minor children;
 (c) $1,500 to the Visa/Mastercard indebtedness presently in suit.
2. The defendant shall be responsible for the following debts which shall be paid within 30 days of date:
 (a) $5,000 to Ivey Blue; (b) $1,250 to Attorney Elizabeth Sharpe, attorney for the children.
3. The defendant shall be responsible for the balance due on the Visa/Mastercard indebtedness and shall hold the plaintiff harmless therefrom. The defendant shall make appropriate arrangements for the payment of this indebtedness.
4. The defendant shall be solely responsible for the indebtedness owed to hie mother, Mrs. Alice DeRosa.
5. The defendant shall be responsible for the $200 oil bill.
Counsel Fees
The plaintiff is awarded counsel fees in the amount of $5,000.
Miscellaneous
1. The plaintiff shall be the sole owner of the 1985 Dodge Colt motor vehicle.
2. The defendant shall be the sole owner of the 1987 Lincoln motor vehicle.
3. The defendant shall be entitled to his 401(K) Plan and Pension and Retirement Plans; his Christmas Club account.
4. Each party shall retain the Savings Bonds and custodial accounts in their respective names. CT Page 5103
Life Insurance
1. The defendant shall maintain the group life insurance in the amount of $99,000 with the plaintiff noted as irrevocable beneficiary thereon, for so long as the defendant has an obligation for alimony. This provision shall be modifiable.
2. The defendant shall name the minor children as irrevocable beneficiaries on his group 4 life insurance in the amount of $198,000 — so long as the defendant has an obligation for support. This provision shall be modifiable.
Restraining Order
 Neither party shall molest, attack or harass the other. This order shall remain in effect for 90 days from date.
COPPETO, J.